## BRADLEY MORRIS v. STATE.

No. A-10300.    Dec. 6, 1944.
(153 P. 2d 829.)

Charles Dunn and Stephenson & Stephenson, all of Okemah, for plaintiff in error.

Randell S. Cobb, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and Roy P. Parham, Co. Atty., Okfuskee County, of Okemah, for defendant in error.

BAREFOOT, J.   Defendant, Bradley Morris, was charged in the county court of Okfuskee county with the crime of driving a motor vehicle upon a public highway in Okfuskee county while under the influence of intoxicating liquor; was tried, convicted and sentenced to pay a fine of $75 and to serve 30 days in the county jail, and has appealed.

This charge was the result of a collision on the public highway two miles east of Okemah, in Okfuskee county, on July 1, 1941, when defendant drove his automobile into a tractor and farm-wagon trailer, being driven by J. C. Meinecke. Mrs. Meinecke and another woman, whose name is not given, were riding in the trailer at the time. The women were injured, but the extent of their injuries is not disclosed by the record.

Without giving the details, it was clearly revealed by the evidence that the defendant was under the influence of intoxicating liquor at the time of the collision. A bottle partly filled with whisky was found in his car.  Both vehicles were traveling west, and defendant ran into the trailer and tractor from the rear, and while it was to the north of the center of the highway.

Defendant denied being under the influence of liquor, but said that he had stopped at places on his way from Coffeyville, Kansas, and had drunk several bottles of beer.  His explanation of the whisky being in his car was that he had picked up a sailor and a girl, and he presumed they had left it there when they got out of his car at Henryetta.

Defendant's assignment of error for the reversal of this case is as to the form of verdict submitted to the jury by the court.  The form of the verdict submitted, reads:

"We, the jury, drawn, impaneled and sworn in the above entitled cause, do upon our oaths find the defendant guilty as charged in the information herein and fix his punishment therefor at $. . . . . . fine, and all costs of this action, and . . . . . . days, or . . . . . . months in the county jail."

It is contended that this gave the jury "no alternative but to assess both a fine and imprisonment."

In our opinion this contention cannot be upheld. The statute under which defendant was charged is 47 O. S. 1941 § 93, which provides:

"* * * and any person violating the provisions of this Section shall be deemed guilty of a misdemeanor for the first offense and upon conviction therefor shall be punished by imprisonment in the county jail for a period of time not to exceed one (1) year, or by a fine of not more than Five Hundred ($500.00) Dollars or by both such fine and imprisonment."

The court instructed the jury in compliance with the terms of this statute. It permits the assessment of a fine or a jail sentence, or both. The jury had this instruction, and evidently understood its terms, as was shown on the hearing on the motion for new trial. Counsel for defendant placed two of the jurors upon the witness stand to testify with reference to the form of verdict that was submitted them by the court, and both of these jurors testified that they thoroughly understood from the instructions of the court that they were permitted to assess a fine without imprisonment or that they could assess both. They testified that this was discussed and thoroughly understood by the jury.

The printed form submitted to the jury used the word "and" between the word "fine," and the jail sentence. If the jury in their consideration had determined to assess

only a fine, and no jail sentence, it would have been a simple matter to have stricken from the verdict the word "and"; and they undoubtedly would have omitted the "30" days had they not intended to give this punishment. This verdict evidently reflects the exact punishment intended by the jury, and being in conformity with the law, will not be set aside.

An examination of the record does not justify the conclusion that the verdict rendered in this case was the result of passion and prejudice, and that justice demands a modification thereof.

We are, therefore, of the opinion that the judgment and sentence of the county court of Okfuskee county should be affirmed; and it is so ordered.

JONES, P. J., concurs.   DOYLE, J., not participating.